IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

NIKITA N. C.,

              Plaintiff,

       v.                           Civil Action No.
                                     5:20-CV-0225 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.


_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP        HOWARD D. OLINSKY, ESQ
250 South Clinton Street      MELISSA DELGEURICO, ESQ.
Suite 210
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.     HUGH RAPPAPORT, ESQ.
J.F.K. Federal Building
Room 625
15 New Sudbury Street
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are cross-motions for judgment on the

pleadings.[1]  Oral argument was heard in connection with those motions on

April 15, 2021, during a telephone conference conducted on the record. At

the close of argument, I issued a bench decision in which, after applying

the requisite deferential review standard, I found that the Commissioner's

determination resulted from the application of proper legal principles and is

supported by substantial evidence, providing further detail regarding my

reasoning and addressing the specific issues raised by the plaintiff in this

appeal.

After due deliberation, and based upon the court's oral bench

decision, which has been transcribed, is attached to this order, and is

incorporated herein by reference, it is hereby

ORDERED, as follows:

1)      Defendant's motion for judgment on the pleadings is

---

[1]      This matter, which is before me on consent of the parties pursuant to 28
U.S.C. § 636(c), has been treated in accordance with the procedures set forth in
General Order No. 18. Under that General Order once issue has been joined, an action
such as this is considered procedurally, as if cross-motions for judgment on the
pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.

GRANTED.

    2)    The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

    3)    The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:    April 20, 2021
          Syracuse, NY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NIKITA N. COSBY,                                               \*

                                 Plaintiff,         \*

                      -v-    20-cv-225                \*

COMMISSIONER OF SOCIAL SECURITY,                \*

                                 Defendant.        \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


                    TRANSCRIPT OF TELECONFERENCE
            BEFORE THE HONORABLE DAVID E. PEEBLES
                       April 15, 2021


FOR THE PLAINTIFF:

MELISSA A. DELGUERCIO, ESQ.
250 South Clinton Street
Syracuse, New York 13202


FOR THE DEFENDANT:

HUGH RAPPAPORT, ESQ.
15 New Sudbury Street
Boston, Massachusetts 02203

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1           THE COURT:  Plaintiff has commenced this

2    proceeding pursuant to 42 United States Code,

3    Sections 405(g) and 1383(c)(3) to challenge an adverse

4    determination by the Commissioner of Social Security.

5           The background is as follows:

6           Plaintiff was born in October of 1976 and is

7    currently 44 years of age.  She was 37-years-old at the

8    time of the amended onset date attributed to her

9    disability, that being May 22, 2014.

10          Plaintiff is 5 foot, 11 inches in height and

11   has weighed at various times between 234 and 270 pounds.

12          The record is somewhat ambiguous as to

13   plaintiff's living conditions.  At one point she was

14   living with a girlfriend in an apartment, and at another

15   point it was reported that she was homeless.

16          Plaintiff has an 11th grade education and was

17   in special education classes while in school.  She also

18   has some sort of certifications in hotel management and

19   cooking.  Plaintiff is left-handed and has a driver's

20   license.

21          I have to say before I go further that the

22   record in this case was extremely poorly developed, but

23   I note that plaintiff was represented, and without

24   diminishing the administrative law judge's obligation to

25   flesh out the record, ultimately, it is plaintiff's

1  burden to demonstrate her conditions and the resulting

2  limitations associated with those conditions.

3          Plaintiff stopped working in January of 2011.

4  Her prior work consists of and includes as a clothing

5  sorter, a janitor, a groundskeeper, a babysitter, and in

6  some position in a blacktop/landscape operation where

7  she did flagging, among other things.

8          Physically, plaintiff suffers from Type 2

9  diabetes and resulting neuropathy, as well as asthma,

10 for which she uses an inhaler and nebulizer, a lumbar

11 back issue with reported pain extending into her legs,

12 and pain and carpal tunnel syndrome possibly in her

13 hands.

14         Plaintiff underwent stomach surgery in 2013

15 and groin surgery in 2005.  Plaintiff reportedly was

16 involved in a motor vehicle accident on July 6th, 2013.

17 She has had both magnetic resonance imaging, or MRI,

18 testing of her back and x-rays.

19         On July 28th, 2013, MRI testing revealed a

20 small posterior central disc protrusion at L4-L5 and

21 L5-S1, not causing significant central spinal canal

22 stenosis; that appears at page 529 of the administrative

23 transcript.

24         On July 21, 2016, MRI testing reflected

25 minimal degenerative disc disease L4 -- L3-L4, very

1    small midline posterior L3-L4 disc protrusion extending

2    only 2 millimeters into the spinal canal, and mild

3    degenerative disc disease L5-S1, mild blood-based

4    posterior L5-S1 disc protrusion extending only 3

5    millimeters into the spinal canal.  The results of that

6    testing appear at 1028 and 1029 of the administrative

7    transcript.

8              X-rays taken on July 19, 2016, revealed mild

9    degenerative changes L5-S1 and mild bilateral

10   degenerative changes SI joints.  That report appears at

11   1121 of the administrative transcript.

12             Mentally, plaintiff has suffered from reported

13   anxiety and depression.  For mental condition, she has

14   undergone counseling with Psychiatric Nurse Practitioner

15   Ann Sweet.  She has not undergone any hospitalization.

16   Plaintiff's primary care provider was or is Dr. Joseph

17   Merola.  She also has treated at the Joslin Center

18   including with Dr. Barbara Mols-Kowalczewski, as well as

19   Upstate, where she has seen Dr. Burk Jubelt and a

20   resident, Dr. Sanam Anwer.  She has also treated with

21   St. Joseph's Family Medical with P.A. Joseph Morabito

22   and Syracuse Orthopedics, or SOS, with Dr. Richard

23   DiStefano.

24             Plaintiff has been prescribed various

25   medications, including Lyrica, oxycodone, gabapentin,

1   Cymbalta, Neurontin, Prazosin, Trazodone, Buspirone, and
2   Wellbutrin.
3          Plaintiff's activities of daily living have
4   included dressing; bathing; grooming; cooking, which she
5   likes to do and does fairly often; housework, some;
6   shopping, some; no dishes; no laundry.  She takes public
7   transportation.  She drives, she reads, plays sports,
8   gets along well with people, went on a Bahamas cruise in
9   February of 2016; attends family cookouts, likes to
10  fish, and wants to open a restaurant and exercises.
11         In 2013, plaintiff was apparently arrested for
12  driving while intoxicated and underwent subsequent drug
13  treatment as reflected at 12-F and 16-F.  She is also a
14  regular user of marijuana, and by that I mean the record
15  reflects she uses marijuana as often as two to three
16  times daily.
17         Procedurally, plaintiff applied for Title 16,
18  Supplemental Security Income payments on May 22nd, 2014,
19  alleging an onset date of December 31, 2010.  That was
20  later amended to May 22, 2013.  She claimed disability
21  based on diabetes, asthma, a learning disability, drug
22  and alcohol problems, and back injury.  I note that that
23  followed a prior adverse administrative law judge
24  decision on March 22, 2013.
25         A hearing was conducted by Administrative Law

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    Judge Bruce S. Fein on July 28, 2016, to address

2    plaintiff's request for SSI benefits.  ALJ Fein issued

3    an adverse decision on September 19th, 2016.  The matter

4    was subsequently remanded by the Social Security

5    Administration Appeals Council on January 17th, 2018,

6    with a directive that vocational expert testimony be

7    elicited to determine the extent of any erosion of the

8    job base on which the medical-vocational guidelines are

9    predicated, and also to adequately consider plaintiff's

10   obesity.

11           A second hearing was conducted on

12   November 6th, 2018.  ALJ Fein issued another decision on

13   January 24, 2019; also unfavorable to the plaintiff.

14           The Social Security Administration Appeals

15   Council denied review of that decision on December 30,

16   2019, making the administrative law judge's opinion the

17   final determination of the agency.

18           This action was commenced on February 28th,

19   2020, and is timely.

20           In his decision, ALJ Fein applied the familiar

21   five-step sequential test for determining disability.

22   He concluded at step one that plaintiff had not engaged

23   in substantial gainful activities since May 22, 2014,

24   although he noted that there had -- there was some work

25   that was performed by the plaintiff after that date.

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1        At step two, ALJ Fein concluded the plaintiff

2   does suffer from impairments that are severe in that

3   they provide more than a minimal limitation on

4   plaintiff's ability to perform basic work functions,

5   including low back pain with bilateral sciatica,

6   neuropathy, post-traumatic stress disorder, depressive

7   disorder, and anxiety disorder.

8        At step three, the administrative law judge

9   concluded the plaintiff's conditions do not meet or

10   medically equal any of the listed presumptively

11   disabling conditions set forth in the commissioner's

12   regulations, specifically considering listings 1.04,

13   11.13, 12.04, 12.06, 12.15.

14        The administrative law judge next concluded

15   that notwithstanding her conditions, plaintiff

16   maintained her residual functional capacity, or RFC, to

17   perform light work subject to both physical and mental

18   limitations.

19        Physically, he found the plaintiff cannot

20   crawl or climb ladders, ropes, or scaffolds and can only

21   occasionally climb ramps and stairs, balance, stoop,

22   kneel and crouch.

23        He also found that claimant should also avoid

24   concentrated exposure to operational control of moving

25   machinery, unprotected heights, and hazardous machinery.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1          Mentally, he found that the claimant is

2     limited to performing simple routine repetitive tasks.

3     She also requires a low-stress job, which is defined as

4     involving only occasional decision making, occasional

5     use of judgment, and occasional changes in work setting.

6          At step four, Administrative Law Judge Fein

7     concluded that plaintiff did not have any past relevant

8     work to examine and proceeded to step five.

9          At step five, he first noted that if plaintiff

10    were capable of performing a full range of light work, a

11    finding of no disability would be required by

12    consideration of the medical-vocational guidelines or

13    grids set forth in the commissioner's regulations,

14    specifically citing Grid Rule 202.17.

15          Considering the testimony of the vocational

16    expert and the issue of erosion based on exertional and

17    nonexertional limitations, ALJ Fein concluded the

18    plaintiff is capable of performing in positions that are

19    available in the national workforce, and representative

20    examples included laundry folder, label coder and

21    marker, and concluded plaintiff, therefore, was not

22    disabled at relevant times and ineligible for the

23    benefits sought.

24          As the commissioner rightfully argues,

25    the test that the Court must apply in this case is

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    extremely deferential.  I must determine whether correct

2    legal principles were applied and the resulting

3    determination is supported by substantial evidence,

4    which is defined as such relevant evidence as a

5    reasonable mind would consider adequate to support a

6    conclusion.

7         As the Second Circuit has noted in *Brault*

8    *versus Social Security Administration Commissioner*,

9    683 F.3d 443, 2012, the standard is extremely rigid.  It

10   is even more deferential than the clearly erroneous

11   standard that orders are familiar with.

12        The Second Circuit additionally noted in

13   *Brault* that the standard means that once an ALJ finds a

14   fact, that fact can be rejected only if a reasonable

15   fact finder would have to conclude otherwise.

16        The plaintiff in this case raises two basic

17   contentions.  The first concerns the physical components

18   of the residual functional capacity and specifically

19   centers upon the amount of weight afforded to

20   Dr. Anwer's and Dr. Jubelt's medical source statement.

21   The second addresses the mental components of the RFC

22   and again focuses on improper weight given to the

23   opinion of Nurse Practitioner Sweet, signed off on by

24   Dr. Walia and also supported, in plaintiff's view, by

25   Dr. Caldwell and Dr. Kahn.

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1          Before I address those contentions, I noted

2     one additional error.  The hypothetical that was posed

3     to the vocational expert did not exactly mirror the

4     residual functional capacity finding in that it did not

5     include the limitation of only occasional climb ramps or

6     stairs, balance, stoop, kneel and crouch.

7          And so, I examined that issue, although it may

8     well have been an issue that is waived by the plaintiff

9     since it is not raised.  It turns out that when you

10    review the Dictionary of Occupational Titles, in two of

11    the three exemplary positions cited, there's no

12    climbing, balancing, stooping, kneeling, and crouching

13    required and that would be true of the folder, which is

14    a Dictionary of Occupational Titles 369.687-018,

15    appearing at Westlaw -- 1991 Westlaw 673072.  It's also

16    true of the position of marker, that's Dictionary of

17    Occupational Titles 209.587-034 appearing at 1991

18    Westlaw 671802, and the third one, label coder, which

19    appears at Dictionary of Occupational Title 920.587-014,

20    reported at 1991 Westlaw 687915, there is occasional

21    climbing required, and occasional stooping required, but

22    then again, that is consistent with the residual

23    functional capacity finding.

24          So, I find that there was no error or, at

25    best, it is harmless error.  Turning to the physical

1    component of the residual functional capacity, as a

2    backdrop, let me note that one of the primary functions

3    and pivotal to a consideration of a disability claim is

4    determination of residual functional capacity, which

5    represents a finding of the range of tasks that a

6    claimant is capable of performing, notwithstanding his

7    or her impairments, 20 CFR Section 40 -- in this case

8    416.945, and *Tankisi versus Commissioner of Social*

9    *Security,* 521 F.App'x 29 from the Second Circuit 2013.

10            An RFC determination of course is informed by

11   the consideration of all of the relevant medical and

12   other evidence.

13            The administrative law judge's RFC finding of

14   course must be supported by substantial evidence.  As a

15   backdrop also, I note that under *Poupore* from the Second

16   Circuit, it is plaintiff's burden to establish her

17   limitations up through step four, including at the RFC

18   stage.

19            One of the issues -- key issues raised with

20   regard to the physical components of the RFC finding is

21   considerations of the medical source statement of

22   Resident Dr. Anwer, signed off on by Dr. Jubelt, dated

23   April 20, 2016.  It appears at pages 641 through 644 of

24   the administrative transcript.

25            After identifying symptoms that the plaintiff

1    would experience, Dr. Anwer and Dr. Jubelt were asked to

2    opine concerning sitting, standing, and walking at

3    page 642.  The result is quite ambiguous.  There are two

4    columns intended for checkmarks.  There are no

5    checkmarks.  Instead, the doctors have circled about

6    four hours without indication of whether that is

7    cumulative of sitting, standing, walking, or whether it

8    applies to each category.

9            The opinion goes on to state that plaintiff

10   can occasionally lift 10 pounds and less than 10 pounds,

11   and also opines that plaintiff would be off task more

12   than 20 percent of the time and absent more than four

13   days per month.  That opinion was discussed by the

14   administrative law judge and -- at page 31 and given

15   little weight.

16           The administrative law judge noted that

17   plaintiff had only treated with those physicians for two

18   months, that it was inconsistent with plaintiff's

19   activities of daily living and inconsistent with

20   plaintiff's hearing testimony, particularly with regard

21   to lifting.

22           I note first that these individuals are

23   properly regarded as treating sources.  The opinion of

24   the treating source regarding the nature and severity of

25   an impairment is entitled to considerable deference if

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1   it is supported by medically acceptable clinical and

2   laboratory diagnostic techniques and is not inconsistent

3   with other medical evidence; *Veino versus Barnhart*,

4   312 F.3d 578, Second Circuit 2002.

5            Treating source opinions are not controlling,

6   however, if they are contrary to other substantial

7   evidence in the record, including the opinions of other

8   medical experts.

9            Of course where there are conflicts in the

10  form of contradictory medical evidence, the resolution

11  is properly entrusted to the commissioner under Veino.

12           The administrative law judge is not giving

13  controlling weight to attributing source opinion

14  must detail what degree of weight, if any, should be

15  assigned to the opinion and consider the relevant

16  factors set out in 20 CFR Section 416.927, sometimes

17  referred to as the *Burgess* factors in this case, and I

18  note, of course, that this case is being decided under

19  the former regulations governing medical opinions

20  because this claim was filed prior to March of 2017.

21           In this case, Dr. Anwer's opinion comes on the

22  form of a checkbox.  It's marginally useful and, as I

23  indicated, ambiguous, at least with regard to sitting,

24  standing, and walking.

25           I note that plaintiff -- the administrative

1    law judge relied on activities of daily living.  In

2    this, plaintiff -- as defense counsel noted, in his

3    prior decision, ALJ Fein also relied on the same

4    activities of daily living and, despite that, in the

5    second hearing, at which plaintiff was represented, she

6    did not adduce any additional evidence regarding her

7    activities of daily living and the fact that they

8    undermine Dr. Anwer's opinions.

9          Under *Estrella Berryhill* 925 F.3d 90 from

10   2019, Second Circuit, the Court must make a searching

11   record of -- a searching review of the record and

12   determine, considering the record as a whole, whether

13   the treating source rule was violated.  In this case I

14   find that it was not.

15         The administrative law judge marshaled the

16   evidence concerning plaintiff's physical condition,

17   including at pages 28 and 29.  The residual functional

18   capacity finding was supported by other medical evidence

19   in the record, including the opinion of consultative

20   examiner Dr. Kalyani Ganesh, who, after examining the

21   plaintiff, issued an opinion on July 31st, 2013, finding

22   that plaintiff did not have any gross physical

23   limitation noted; sitting, standing, walking, use of

24   upper extremities; that appears at page 637 of the

25   administrative transcript.

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    The RFC finding is also supported by the

2    findings of non-examining counsel consultative expert

3    Dr. Leong, including 23-F and 24-F of the administrative

4    transcript.

5    One limitation of course, as Dr. Ganesh noted,

6    was an environmental limitation which the administrative

7    law judge properly rejected based upon plaintiff's heavy

8    use of marijuana.

9    I note that the plaintiff does cite a case

10   that she believes supports her position, *Nelson versus*

11   *Bowen*, 882 F.3d 45 from the Second Circuit 1989.  It's

12   an old case, and it significantly predated the *Poupore*

13   and other opinions which made clear that the burden was

14   on the plaintiff and not the commissioner to prove

15   residual functional capacity, it is also

16   distinguishable.

17   The plaintiff quarrels with consideration of

18   activities of daily living.  Clearly, the reported

19   activities of daily living are properly considered,

20   *Alpeter versus Commissioner of Social Security,* 27

21   Westlaw 4443978 from Chief Judge Glenn T. Suddaby.

22   Obviously there needs to be some consideration of the

23   relation between the administrative -- the activities of

24   daily living and the function in question.

25   But the bottom line is I'm unable to state

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1   that a reasonable fact finder would have to credit the

2   medical source statement of Dr. Anwer, and so I find,

3   based on the totality of the evidence, including but not

4   limited to the opinions of Dr. Ganesh and Dr. Leong,

5   that the physical aspects of the residual functional

6   capacity finding are supported.

7           Turning to the mental condition, the

8   plaintiff, the focus would as --

9           (Technical issues)

10          THE COURT:  The focus is on the opinion of

11  Nurse Practitioner Ann Sweet, that it --

12          (Technical issues)

13          (Discussion held off the record)

14          THE COURT:  Addressing the mental residual

15  functional capacity, plaintiff's challenge focuses on an

16  opinion issued by Nurse Practitioner Ann Sweet and

17  cosigned by Dr. Katherine Walia, dated July 7th, 2016,

18  is Exhibit 9-F and appears at 696 to 698 of the

19  administrative transcript.

20          It is a checkbox form.  It lists symptoms of

21  the plaintiff.  It then asks to opine concerning

22  plaintiff's abilities in several areas, A through U.

23  The opinion indicates that plaintiff is unable to meet

24  competitive standards in 11 categories.  The opinion is

25  discussed by Administrative Law Judge Fein at pages 30

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    and 31 of the administrative transcript and given no

2    weight.

3           I note initially that is unclear what

4    Dr. Walia's role is.  There is not any indication that

5    she has treated the plaintiff and, therefore, does not

6    qualify as a treating source.  Nurse Practitioner Sweet,

7    of course, under the former regulations, is not an

8    acceptable medical source.  The reasons cited will note

9    given no weight includes the inconsistency of

10   plaintiff's activities of daily living, and the fact

11   that it is based in many respects on subjective reports,

12   including the report that plaintiff feels that her

13   neuropathy is incapacitating, that appears at 697, a

14   proper consideration under *Gates versus Astrue,*

15   338 Fed Appx. 46, Second Circuit 2019.  The opinion is

16   also equivocal and use of the term "possible" in several

17   respects, and it is based, at least in part, on the

18   interplay between plaintiff's physical symptoms and her

19   mental condition.

20          I note that the issue of Dr. Walia's

21   involvement was identified in the first hearing in this

22   matter and decision, but there was no proof offered at

23   the second hearing as to Dr. Walia's involvement.

24          The opinion is also inconsistent with the

25   evidence in question.  For example, Nurse Practitioner

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    Sweet opines that plaintiff is unable to use public

2    transportation.  The plaintiff admitted to Dr. Caldwell,

3    at page 631, that she is capable using of public

4    transportation.

5         The opinion is also inconsistent with the

6    opinions of Dr. Christina Caldwell, a psychiatrist who

7    examined the plaintiff and issued an opinion on July 31,

8    2014, that is consistent with the residual functional

9    capacity finding.  In other words, the limitations set

10   forth at 631 and 632 of Dr. Caldwell's opinion has been

11   accommodated by the residual functional capacity.

12        Dr. Kamin, an agency expert, non-examining,

13   issued an opinion on August 12th, 2014, that's

14   Exhibit 3-A, that also supports the finding of the

15   administrative law judge, found only moderate limitation

16   in several areas and opined that -- issued a mental

17   residual functional capacity assessment; however, that

18   is not inconsistent with the residual functional

19   capacity he found.

20        There is a stress limitation set forth in

21   Dr. Caldwell's opinion, and that is addressed in the

22   residual functional capacity finding -- there's a stress

23   limitation found by Dr. Caldwell that is addressed in

24   the residual functional capacity finding *Tatelman versus*

25   *Colvin*, 296 F. Supp. 3d 608 from the Western District of

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

1    New York, 2017.

2              In support of his mental RFC finding, the

3    administrative law judge cited treatment records and the

4    opinions of Dr. Caldwell.  The rejection of Nurse

5    Sweet's opinion is supported by substantial evidence and

6    a finding that the mental health component of the RFC is

7    also supported by substantial evidence.

8              Turning to step five, I conclude with the

9    exception that I mentioned at the outset, that

10   the residual functional capacity finding was presented

11   to the vocational expert, and the step five

12   determination at which the commissioner bears the burden

13   of proof was supported by substantial evidence based on

14   vocational experts testimony.

15             So, in conclusion, I will grant judgment on

16   the pleadings to the defendant and order dismissal of

17   plaintiff's complaint.

18             Thank you all for excellent presentation.  I'm

19   sorry that we had to deal with the conditions of the

20   telephone service.  I wish you all well and stay safe.

21             (Proceeding concluded)

22                 *  *  *  *  *  *  *  *  *  *

23

24

25


               Lisa L. Tennyson, CSR, RMR, FCRR
               UNITED STATES DISTRICT COURT - NDNY

COSBY v COMM. OF SOCIAL SECURITY - 20-cv-225

# C E R T I F I C A T I O N

    I, Lisa L. Tennyson, RMR, CSR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct excerpt of the transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                /s/ Lisa L. Tennyson
           Lisa L. Tennyson, RMR, RPR, FCRR

        Lisa L. Tennyson, CSR, RMR, FCRR
      UNITED STATES DISTRICT COURT - NDNY